# JOSIAH D. BODLEY

## *v.*

## JAMES M. HIGGINS.

73   375
127   226

PROMISSORY NOTE—*of the delivery.*  Where notes are executed by a party, with personal security, in compromise of a prior claim, and when left with the payee's agent objection is made to their form only, and he retains them, to see if the form can not be changed, but agreeing to accept them if this can not be effected, this will be a sufficient delivery to give them effect.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. TAYLOR & KENDALL, for the appellant.

Messrs. ECKELS & KYLE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

These notes were executed to be delivered to Higgins, the successful plaintiff in the action.  Of this there can be no dispute.  They were the result of a compromise between the plaintiff and his debtor, A. R. Bodley, by which, in consideration of these notes to be signed by appellant, and which he did sign, the plaintiff relinquished a substantial part of his claim against A. R. Bodley.  There is conflict in the testimony as to the acceptance of these notes by Jones, the agent of Higgins. Driscoll was the attorney of A. R. Bodley, and seemed to have taken part in the negotiation of the business, and the notes were sent to him after being signed by appellant and A. R. Bodley, to be delivered to Higgins on the surrender by him of these notes, and a chattel mortgage he held against A. R. Bodley.  The actual surrender of these securities was not a condition of the execution of the notes, but these notes were to take the place of the other instruments, he, A. R. Bodley, to be discharged therefrom on the execution of the notes in suit.

The ground of objection by Jones to receiving the notes was

on account of their form, but it is clearly inferrible, from the testimony, if notes in a different form could not be had these would be accepted, and they were accepted by the agent, and the other securities placed in the custody of the court, and in such a position that the maker of them can never be made liable upon them. This was the whole object of the agreement, and if it is substantially performed there is no just ground of complaint.

There was no technical delivery of these notes, but they have been applied to the purpose for which the maker intended them. They came into the possession of plaintiff in an indirect but in a fair and honest way, as paper to which he was entitled. The sudden death of Mr. Driscoll presents a full explanation of the transaction. He might explain why these notes were kept in his pocket and not placed on his files in his safe, and he might give as the reason his expectation of meeting Jones, the agent, casually on the street, or not at his place of business, and have the notes ready to deliver to him when Jones should inform him he would accept them in the form they were in. The notes were executed for the benefit of the plaintiff, to pay a debt due him, and he has them honestly in his possession, agreeable to the intention of appellant, and he ought not to complain. The judgment against him for the amount of the notes is what he contracted to pay.

The pretense that these notes were accidentally left on Mr. Driscoll's table, is mere pretense. They were brought there by A. R. Bodley, to be delivered to the plaintiff, and when Jones, the agent, objected to the form, it was in the contemplation of the parties that an effort would be made to change the form. If A. R. Bodley was not satisfied with this, why did he not resume possession of the notes? He never thought of doing so. He well knew for what reason Jones was reluctant to take the notes, and he made no opposition that an effort should be made to change the form of the notes. The evidence was sufficient to satisfy the jury these notes were the property of the plaintiff, whenever he or his agent should decide to take them.

The circumstances attending these notes at the office of Mr. Driscoll, are related differently by A. R. Bodley, in behalf of appellant, and by Jones and Kenny, the law partners of Mr. Driscoll, and the jury were bound to consider and weigh all this evidence, and we can not say they have found against its preponderance. Jones testified that all the papers were left with Mr. Driscoll until it could be ascertained whether appellant would execute notes in a different form, whilst really there was no substantial objection to the form adopted, appellant signing as "surety." Mr. Kenny testified, as his impression, that if appellant would not execute notes in a different form, then Mr. Driscoll was to surrender to Jones the notes in suit. The jury had a right to believe all this, and there is nothing unusual or unreasonable in the transaction.

Much complaint is made of plaintiff's second instruction. We perceive nothing objectionable in it. There was evidence on which to base it, and the law is fairly stated. On that arrangement being made, Higgins could maintain no action on the original notes.

The objection that the three notes and chattel mortgage were not surrendered simultaneous with the delivery of these notes, is not tenable. Neither appellant nor his co-maker can be prejudiced thereby, as they have been surrendered in court, and are now beyond control of appellee.

On the theory we consider the just one of this case, appellant's instructions were properly refused.

This is a cause peculiarly fitted for the consideration of a jury, and considering all the facts, as found in this record, we think, in the conclusion they reached, they have done justice between these parties, and their finding should not be disturbed.

The judgment is affirmed.

*Judgment affirmed.*